J-A07014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT LONG | : | |
| | : | |
| Appellant | : | No. 1184 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 14, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000909-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT LONG | : | |
| | : | |
| Appellant | : | No. 1185 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 14, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000910-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT LONG | : | |
| | : | |
| Appellant | : | No. 1186 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 14, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000911-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
|---|---|---|
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| ROBERT LONG | : |  |
|  | : |  |
| Appellant | : | No. 1187 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 14, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000912-2019

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.: **FILED MAY 24, 2022**

Appellant, Robert Long, appeals from the July 14, 2020 Judgment of Sentence of an aggregate 25 to 50 years' incarceration following his open guilty plea to four counts of Third-Degree Murder, two counts of Robbery, and one count each of Criminal Conspiracy to Commit Robbery, and Possession of an Instrument of Crime ("PIC"). Appellant challenges the discretionary aspects of his sentence. We affirm.

The relevant facts and procedural history are as follows. The Commonwealth charged Appellant at four separate dockets with the above crimes[1] after he and two other men conspired to stage a drug transaction for the purpose of robbing one of the four victims and one of the men shot and killed the victims. On January 2, 2020, Appellant entered an open guilty plea to the charges. The trial court deferred sentencing pending preparation of pre-sentence investigation ("PSI") and mental health reports.

---

[1] The Commonwealth also charged Appellant with an additional count of Robbery.

Following the court's consideration of the reports, on July 14, 2020, it sentenced Appellant to three concurrent terms of 10 to 20 years' incarceration for three of his Murder convictions, a consecutive term of 10 to 20 years' incarceration for his remaining Murder conviction, a concurrent term of 10 to 20 years' incarceration for his Conspiracy to Commit Robbery conviction, and a consecutive term of 5 to 10 years' incarceration for one of his Robbery convictions. The court imposed no further penalty on the remaining convictions.

On July 24, 2020, Appellant filed a Motion for Reconsideration of Sentence in which he conceded that the court imposed a sentence within the guidelines but asserted that it was excessive in light of the mitigating circumstances, including Appellant's expression of remorse, his acceptance of responsibility, and his character. Motion, 7/24/20, at ¶¶ 3, 8-12. He also claimed the sentence was excessive because it exceeded the Commonwealth's sentencing recommendation of 20 to 40 years' incarceration, was arbitrary, and strictly punitive. *Id.* at ¶¶ 5-6. On August 21, 2020, the court denied Appellant's Motion. The court also permitted Appellant's plea counsel to withdraw. However, no new counsel was appointed, and Appellant did not timely appeal from his Judgment of Sentence.

Appellant successfully petitioned for reinstatement of his direct appeal rights, and, on June 15, 2021, filed this appeal wherein he raises the following question for our review:

- 3 -

[Whether t]he court erred in that its sentence was arbitrarily imposed, and its upward departure from the Commonwealth's recommendation was strictly punitive, without any additional benefit to the pursuit of justice or without consideration of Appellant's individual characteristics or rehabilitative needs[?]

Appellant's Brief at 5.

Appellant's issue challenges the discretionary aspects of his sentence. *Id.* at 12-14. Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code pursuant to 42 Pa.C.S. § 9781(b). *Commonwealth v. Tejada*, 107 A.3d 788, 797-98 (Pa. Super. 2015).

In order to preserve a challenge to the discretionary aspects of his sentence, an Appellant must preserve the particular legal theory that he asserts on appeal either at sentencing or in a post-sentence motion, so that the sentencing court has "the opportunity to reconsider the imposition of the sentence." *Id.* at 798; *see also* Pa.R.Crim.P. 720(B)(1)(a) (requiring that post-sentence motions state claim for relief "with specificity and

particularity"). Thus, an appellant who challenges the discretionary aspects of his sentence in a post-sentence motion may only argue on appeal the specific arguments he included in his post-sentence motion. ***See***, ***e.g.***, ***Commonwealth v. Rivera***, 238 A.3d 482, 499 (Pa. Super. 2020) (finding Appellant waived discretionary aspects of sentence claim because, "while he filed a post-sentence motion raising a discretionary[] claim, that claim differ[ed] from the claim he present[ed] on appeal").

Our review reveals that Appellant failed to preserve the claim asserted in this appeal by raising it at sentencing or in his post-sentence motion with specificity. Appellant argues to this Court that the sentencing court improperly relied on "Appellant's failure to cooperate with the investigation and prosecution of his crime and against his co-defendants," and "imposed a higher sentence on Appellant for exercising his Fifth Amendment right against self-incrimination." Appellant's Brief at 13. He further asserts that the sentencing court erred when it "chose to place greater weight on the fact that Appellant did not cooperate with the prosecution" and by not citing "any legal support for including 'non-cooperation' into sentencing." ***Id.*** at 13-14. Appellant did not raise these issues at sentencing. In his post-sentence motion, Appellant argued only that the court failed to give sufficient weight to the mitigating factors Appellant presented.

Appellant's failure to provide the sentencing court the opportunity to address the specific claims he now raises before this Court renders them unpreserved for appellate review. We, thus, find Appellant's issue waived.

- 5 -

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2022